IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEVEN W. DELIA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> R. TRENT SHORES, CLINTON J. JOHNSON, ) <br> and RACHAEL F. ZINTGRAFF, ) <br> ) <br> Defendants. ) | Case No. 21-CV-441-TCK-CDL |

**OPINION AND ORDER**

Before the Court is the Motion to Dismiss Plaintiff's Complaint filed by Defendants R. Trent Shores ("Shores"), Clinton J. Johnson ("Johnson") and Rachael F. Zintgraff ("Zintgraff"). Doc. 8. Defendants contend the Complaint filed by Plaintiff Steven W. Delia ("Delia") is subject to dismissal because it is barred by the doctrine of sovereign immunity; it fails to properly allege any plausible claims and is therefore subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6); it fails to contain a plain statement establishing DeLia's entitlement to relief and is therefore subject to dismissal pursuant to Fed. R. Civ. P. 8(a)(2); and its service upon defendants violated Fed. R. Civ. P. 4(i)(2). *Id.*

DeLia opposes Defendants' Motion to Dismiss. Doc. 11.

**I. Background**

On September 29, 2016, a jury in the Eastern District of Oklahoma found DeLia guilty of health care fraud in violation of 18 U.S.C. § 1347. 16-CR-42-JHP-1. On appeal, the Tenth Circuit Court of Appeals vacated the conviction, finding that the five-year statute of limitations for health care fraud had expired before the government brought charges against DeLia. *United States v. DeLia*, 906 F.3d 1212 (10th Cir. 2018).

After the appellate court vacated his conviction, DeLia filed suit in this District against the U.S. Department of Justice, United States District Court Judge James Payne, Zintgraff, the Federal Investigator, the Office of the United States Attorney, and the United States Department of Justice. *DeLia v. U.S. Department of Justice, et al.*, 20-CV-611-GKF-CDL 2021 (N.D. Okla.) WL 4258758. Defendants filed a motion to dismiss the case with prejudice pursuant to Fed. R. Civ. Proc. 12(b)(1) and 12(b)(6). *Id.*, Doc. 12. The Court granted the motion, and the decision was affirmed on appeal. *Id.*, Doc. 24; *DeLia v. US. Department of Justice, et al.*, 2021 WL 4258758. Subsequently, DeLia filed a 363-page Complaint in this case, and Defendants, in response, filed the pending Motion to Dismiss. Docs. 1, 8.

In support of their Motion to Dismiss, Defendants assert the Complaint—

- is barred by the doctrine of sovereign immunity;
- fails to allege any plausible claims as required by Fed. R. Civ. P. 12(b)(6));
- is barred by the doctrine of absolute immunity;
- fails to comply with Rule 8(a)(2)'s requirement that a complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief; and
- should be dismissed for improper service.

Doc. 8.

### II. Allegations of the Complaint

DeLia's Complaint names as defendants Shores and Johnson—the former and current United States Attorneys for the Northern District of Oklahoma ("N.D. Okla.")—as well as Assistant United States Attorney Rachael F. Zintgraff. Doc. 1. The Complaint consists of a completed nine-page Pro Se (Rev. 12/16) form with a 354-page attachment. Neither the form nor the attachment sets forth any specific conduct by any of the three defendants in relation to DeLia's

allegations. *Id.* The sole basis for DeLia's claims against the defendants appears that they represented the U.S. Government in his first civil lawsuit in this Court. *Id.*

### III. Analysis

#### A. Sovereign Immunity

The party seeking to invoke a federal court's jurisdiction sustains the burden of establishing that such jurisdiction is proper. Fed. R. Civ. P. 12 (h)(3). "A court lacking jurisdiction must dismiss the case at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Salzer v. SSM Health Care of Oklahoma, Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014) (citing *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)).

To the extent the Complaint alleges any plausible claims, they are claims only against the United States, as opposed to the prosecutors. "Federal courts are tribunals of limited jurisdiction with only those powers conferred by Congress," and accordingly, they "operate only in the presence rather than the absence of statutory authority." *Wyeth Lab. v. United Sates Dist. Court*, 851 F.2d 321, 324 (10th Cir. 1988) (citations omitted). Furthermore, "[s]overeign immunity protects the federal government from suit except where Congress has 'unequivocally expressed' a waiver of immunity.'" *Castenada v. I.N.S.*, 23 F.3d 1576, 1580 (10th Cir. 1994) (internal citation omitted).

The Complaint is devoid of any factual allegations that the U.S. Attorney's Office for the Northern District of Oklahoma or any of the three named Defendants have waived the United States' sovereign immunity from suit. Accordingly, the Complaint is subject to dismissal pursuant to the doctrine of sovereign immunity.

### B. Failure to State a Plausible Claim

Fed. R. Civ. P. 12(b)(6) allows the Court to dismiss a complaint for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Fed. R. Civ. P. 8(a) requires that a complaint include "(1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." "[T]he Rule 8 pleading standard does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed me accusation." *Id.*

Although a *pro se* plaintiff's complaint must be broadly construed under this standard, this "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "Conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based," *Id.* Furthermore, Courts may not "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. State of N.M.*, 113 F.3d 1170, 1174 (10th Cir. 1997).

"T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The plaintiff bears the burden to frame "a complaint with enough factual matter (taken as true) to suggest" that he or she is entitled

4

to relief. *Id.* at 556. Allegations in a complaint must be sufficient to show that a plaintiff plausibly, (not just speculatively) has a claim for relief. *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008).

Moreover, where multiple defendants are named, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Just. Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Complaint in this case is devoid of specific allegations against any of the named Defendants. Indeed, beyond identifying them as Defendants, and a sole allegation on page 6 that Defendants "spew[ed]. . . slanderous lies" about him in his earlier Northern District of Oklahoma lawsuit, Plaintiff's Complaint contains no allegations setting forth his claims with any specificity.

Accordingly, the Complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

### C. Absolute Immunity Doctrine

In *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976), the Supreme Court held that federal prosecutors have absolute immunity for activities that are "intimately associated with the judicial phase of the criminal process." This immunity also applies to government attorneys in civil litigation, and it shields acts taken by them in preparation for judicial proceedings in the course of their role as advocates for the government. *Benavidez v. Howard*, 931 F.3d 1225, 1230-31 (10th Cir. 2019). Nor is the immunity any less absolute when the attorney is handling an appeal. *Ellibee v. Fox*, 244 Fed. Appx. 839, 844-45 (10th Cir. 2007).

The allegations of the Complaint focus on Plaintiff's first civil lawsuit in this Court. AUSA Zintgraff was the government attorney in that case, and former U.S. Attorney Shores and current U.S. Attorney Johnson were her supervisors. Accepting as true the allegations of the Complaint,

5

all of the attorneys' actions complained of by Plaintiff—both during trial and upon appeal—were taken in their roles as government advocates.

Therefore, Plaintiff's claims against the Defendants must be dismissed based on the doctrine of absolute immunity.

### D. Fed. R. Civ. P. 8(a)(2)

Fed. R. Civ. P.8 (a)(2) requires a claim for relief to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." "Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007). Furthermore, "[a]lthough orders granting dismissal of a complaint under Rule 12(b)(6) typically allow plaintiff an opportunity to amend his complaint, "a court may decline to allow the plaintiff an opportunity to file an amended complaint "when it is patently obvious that the plaintiff could not prevail on the facts alleged and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon, supra.* at 1109-1110 (internal quotation and citation omitted).

Plaintiff's Complaint in this matter fails to allege facts connecting any of the three Defendants to a viable cause of action or indicating how they are liable to Plaintiff for damages. *See Bailot v. Colorado*, 385 Fed. Appx. 385 Fed. Appx. 853, 855 (10th Cir. 2010) (affirming district court's dismissal of pro se plaintiff's complaint against her employer for failure to sufficiently set out the district court's jurisdiction and failure to include a statement showing that relief was warranted). Accordingly, the Complaint is subject to dismissal for failure to comply with Rule 8(a)(2).

### E. Improper Service

Fed. R. Civ. P. 4(i)(2) provides that when a United States officer or employee is sued only in an official capacity, the plaintiff must serve the United States and also send a copy of the summons and complaint by registered or certified mail to the agency, corporation, officer or employee." Proper service upon the United States requires that a party must:

> 4(i)(1) *United States.* To serve the United States, a party must:
>
>> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—*or*
>>
>> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>>
>> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>>
>> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Additionally, Fed. R. Civ. P. 4(i)(3) provides that, "[t]o serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States behalf (whether or not the officer or employee is also sued in an official capacity)," the party must serve both the United States and the officer or employer. Here, there is no evidence that Plaintiff has served the Attorney General as required by Rule 4. Accordingly, dismissal for failure to comply with Rule 4(i)(3) is appropriate.

### IV. Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss is granted in its entirety.

ENTERED this 4th day of April, 2022.

*[Signature]*
TERENCE C. KERN
United States District Judge